## ALEXANDER McCLINTIC
### v.
## CHARLES H. LAYMAN.

1. STATUTE OF LIMITATIONS.—Where the service was performed and the promise to pay was made more than ten years before suit was instituted, plaintiff can not recover unless he proves a new promise to pay within five years next before the beginning of the suit.

2. EVIDENCE TO OVERCOME BAR.—Where a party permits a debt to run, making no effort to collect it until the Statute of Limitations can be pleaded in bar of the action, he is in no condition to call upon a court to aid him upon slight proof. The evidence must be clear and satisfactory to overcome the bar of the statute.

APPEAL from the County Court of Jackson county; the Hon. GEORGE W. ANDREWS, Judge, presiding. Opinion filed April 13, 1883.

Mr. JOHN H. BAIN, for appellant; that as plaintiff does not show a new promise within five years prior to the bringing of this suit, his claim is barred by the Statute of Limitations, cited Ayers v. Richards, 12 Ill. 146; Wachter v. Albee, 80 Ill. 47; Mullet v. Strump, 27 Ill. 107; Worton v. Colby, 52 Ill. 198; Wooters. v. King, 54 Ill. 47; Carroll v. Forsyth, 69 Ill. 127; Parsons v. N. I. C. & I. Co. 38 Ill. 430; Keener v. Corell, 19 Ill. 189.

CASEY, J. This suit was begun before a justice of the peace, by appellee against appellant. After trial and judgment it was appealed to the county court, where upon a trial the plaintiff recovered a judgment. A motion for a new trial was interposed by the defendant and refused. Exceptions were taken to the rulings of the court and the cause is brought to this court by appeal.

The suit is brought to recover an attorney's fee. The defendant set up the Statute of Limitations as a defense to the action.

The plaintiff below, appellee here, was the only witness; he

McClintic v. Layman.

testified that ten or eleven years ago he was employed as an attorney-at-law by the defendant to perform certain professional services, for which the defendant agreed to pay him fifteen dollars. That several times he had asked the defendant to pay him or give his note. Defendant replied, stating that times were hard with him; that he was unable to pay and refused to give his note. The witness further stated that several days before the beginning of this suit he asked defendant to pay him; that defendant gave him no satisfaction. He then asked the defendant if he intended to beat him out of it, and defendant replied, "Collect it if you can."

This was all the evidence in the cause. The service was performed and the promise to pay was made more than ten years before the suit was instituted, and is barred by the Statute of Limitations, unless there has been a new promise to pay within five years next before the beginning of the suit.

In Carroll v. Forsythe, 69 Ill. 127, it was held that an express promise to pay the money must be proved or an unqualified admission that the debt is due and unpaid. Nothing being said or done at the time rebutting the presumption of a promise to pay. The same was held in Keener v. Crull, 19 Ill. 189, and in Ayers v. Richards, 12 Ill. 147.

In Wachter v. Albee, 80 Ill. 49, the Supreme Court reassert the same doctrine and say: "When, however, a party permits a debt to run, making no effort to collect it until the Statute of Limitations can be pleaded in bar of the action, he is in no condition to call upon a court to aid him upon slight proof. On the contrary the evidence ought to be clear and satisfactory to overcome the bar of the statute."

The evidence in this cause will not justify the conclusion that appellant, within five years of the time of bringing the suit, either directly or by implication, promised to pay the money. There is no admission even shown to have been made within the five years that the money was due and unpaid. But the evidence does show that appellant at one time refused to make a promise to pay the debt. He refused to give his note. He at no time promised to pay and neither did he make any admission that could possibly be construed

into a promise to pay. So that we are compelled to hold that however meritorious the claim may have been in its inception, it is now barred by the Statute of Limitations, perhaps through the unappreciated kindness and leniency of appellee.

The judgment of the county court is reversed and the cause remanded.

Reversed and remanded.